IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GERZON SANCHEZ,

                Petitioner,              OPINION AND ORDER

v.

                                    22-cv-517-wmc

STATE OF WISCONSIN,

                Respondent.

Petitioner Gerzon Sanchez, currently in Columbia County Jail, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Sanchez is apparently facing revocation of his extended supervision and challenges his underlying 2020 state court convictions for felony bail jumping, resisting or obstructing an officer, and carrying a concealed knife. He seeks to withdraw his pleas on the ground that the district attorney conspired with his public defender to file a "false case" against him, specifically Columbia County Circuit Court Case No. 2020CF294, that was then "used to convict [Sanchez] of the felony bail jumping" charges.[1] (Dkt. #1 at 2-3, 5.) Sanchez has paid the five-dollar filing fee, making the petition ripe for screening under Rule 4 of the Rules Governing Section 2254 Cases. The court will dismiss Sanchez's petition without prejudice.

Before seeking a writ of habeas corpus in federal court, Sanchez must first exhaust any remedies that are available to him in state court, including any appeals. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390

---

[1] Publicly available state court records indicate that Sanchez was charged with disorderly conduct in Columbia County Circuit Court Case No. 2020CF294, which was renumbered from Case. No. 2020CM188 on June 30, 2020, and then dismissed on the prosecutor's motion on November 30, 2020.

F.3d 505, 514 (7th Cir. 2004). To exhaust his state remedies, Sanchez must fairly present his claims "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014); 28 U.S.C. § 2254(b)(1).

As Sanchez admits and the state's publicly available court records confirm, he has not done this. Since May 27, 2022, Sanchez has filed three motions to correct the judgement of conviction, one motion to withdraw his pleas and has also requested the appointment of counsel in Columbia County Circuit Court. The circuit court has held two hearings, but has not yet resolved Sanchez's pending motions, as Sanchez notes in his federal petition. (Dkt. #1 at 12.) Sanchez may believe that the process is taking too long, but he has only filed his motions within the last four months. A petitioner "cannot simply opt out of the state review process because he is tired of it or frustrated by the results he is getting." *Cawley v. DeTella*, 71 F.3d 691, 695 (7th Cir. 1995). Sanchez has made no showing that the remedies available to him in the state courts are not adequate to protect his constitutional rights, and points to no authority that would allow this court to order the state circuit court judge to rule on his motions. *See, e.g.*, *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) (a federal court has no jurisdiction to issue a writ of mandamus directed to a state-court trial judge because "[t]he federal courts have no general power to compel action by state officials[.]"); *see also In re Campbell*, 264 F.3d 730, 731-32 (7th Cir. 2001) (generally, a federal court has no jurisdiction to "issue mandamus to a state judicial officer to control or interfere with state court litigation"). Because Sanchez has not yet exhausted his state court remedies, his petition is premature and will be dismissed without prejudice.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). For the reasons stated, reasonable jurists would not debate the decision that Sanchez has not yet exhausted his state court remedies. No certificate of appealability will issue.

## ORDER

IT IS ORDERED that:

1) Gerzon Sanchez's petition for a writ of habeas corpus (dkt. #1) is DISMISSED without prejudice for his failure to exhaust his state court remedies.

2) Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

3) The clerk of court is directed to enter judgment for respondent and close this case.

Entered this 20th day of September, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge